IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Leonard Leon Pittman,  )
    Petitioner,  )
        )
v.  )  1:09cv675 (JCC/JFA)
        )
Loretta K. Kelly,  )
    Respondent.  )

FILED SEP - 3 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION AND ORDER

Leonard Leon Pittman, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for the City of Virginia Beach, Virginia, for two counts of robbery, two counts of use of a firearm during the commission of a robbery, and two counts of possession of a firearm by a convicted felon. Petitioner also filed a request to proceed in forma pauperis. By Order dated July 7, 2009, petitioner was informed that his petition would be dismissed as barred by the statute of limitations unless he contested the application of the one-year statute of limitations or established that he was entitled to equitable tolling. Petitioner complied with the Court's Order on August 10, 2009, and submitted a Motion to Lift Stay and For Leave to Show Cause, and an Affidavit and Declaration in support of his motion. However, after reviewing petitioner's Motion and Affidavit, it is clear he is not entitled to equitable tolling, and the instant petition must be dismissed as barred by the statute of limitations.

As noted in the Court's July 7 Order, it appears that the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claims presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the

constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, petitioner was sentenced on March 6, 2006, in the Circuit Court for the City of Virginia Beach. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on December 18, 2006. Petitioner then appealed to the Supreme Court of Virginia, which refused his appeal on May 22, 2007. Therefore, petitioner's conviction became final on August 20, 2007, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[1]

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). On May 27, 2008, petitioner filed a state habeas petition in the Supreme Court of Virginia, which refused his petition on October 21, 2008. Although it is not entirely clear from the face of the petition, the earliest date on which petitioner could have filed the instant petition was June 8, 2009.[2]

---

[1] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, petitioner did not indicate when he gave his petition to prison officials for mailing. However, he signed, dated, and had his petition notarized on June 8, 2009. Despite this, petitioner alleges in his Motion to Lift Stay that he filed the instant petition on June 6, 2009. Yet, this date cannot be a correct filing date

2

Between August 20, 2007, the date petitioner's conviction became final, and May 27, 2008, the date petitioner filed his state habeas petition, 281 days passed. Between October 21, 2008, the date petitioner's state habeas petition became final, and June 8, 2009, the earliest date on which petitioner could have filed his federal petition, an additional 230 days passed. When these days are combined they establish that the instant petition was filed 146 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

In his Motion and Affidavit, submitted in response to the Court's July 7, Order, petitioner appears to argue that the Court miscalculated the one-year statute of limitations, and asserts that his petition was filed timely. Despite his contention that the Court miscalculated the limitations period, petitioner himself recites the dates on which his appeals and post-conviction matters were both filed and dismissed, and all dates he provides are identical to those noted by the Court in this Order and the July 7 Order. Aff. and Decl. 2-4. Yet, petitioner again makes the conclusory assertion that his petition is timely filed, and adds that it is not his fault and he should not be responsible for the Court's miscalculation. Aff. and Decl. 4.

Although not clear from his Affidavit, petitioner's Motion seems to further articulate support for his claim that his petition is timely. According to petitioner, he discovered exculpatory evidence

---

because, as noted, petitioner signed and dated his petition on June 8. Thus, for the purposes of the statute of limitations calculation, the Court will use the June 8 date, which is the earliest date on which the petition could have been filed. Nonetheless, even using this date, the instant petition remains untimely, as explained above.

3

on March 2, 2008, and only then could he bring his claim to the Supreme Court of Virginia. Mot. 7. Thus, it appears petitioner is alleging that the factual predicate of his claim could not have been discovered until March 2, 2008, making his petition timely under § 2244(d)(1)(D). However, he fails to indicate what exculpatory evidence he found, or how it could not have been discovered prior to that date. As a result, the relevant date from which to calculate the statute of limitations is the date on which petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A).

Using that date, as noted above, the instant petition is untimely and must be dismissed unless petitioner can demonstrate entitlement to equitable tolling or that the statute of limitations does not apply. Petitioner does state that he "did not contribute in any way to the failure to file" his petition in a timely fashion, and that the statute of limitations does not apply to this case. Aff. and Decl. 4. However, he provides no support for this bare allegation. Additionally, petitioner asserts entitlement to equitable tolling. In his Motion to Lift Stay and for Leave to Show Cause, petitioner states that he is "entitled to relief on this motion to tolling because the provision of ninety (90) days only applies to an applicant who has failed to develop the factual basis of a [sic] issue in all available state administrative remedies proceeding." Mot. 9. Petitioner adds that he has developed the factual basis for his claims, and states that the one-year statute of limitations has not yet passed. Mot. 9.

In the Fourth Circuit, the one-year statute of limitations for § 2254 petitions is subject to equitable tolling. However, the court has cautioned that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Accordingly, a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Here, petitioner's argument regarding his entitlement to equitable tolling simply is not clear. As noted, although he alleges he uncovered exculpatory evidence only last March, he fails to indicate what this evidence is, why he could not have uncovered it prior to that date, or why he failed to file his federal habeas petition until more than 200 days had passed since dismissal of his state habeas petition. Moreover, his argument regarding the "ninety days" is indecipherable. While petitioner is correct that he has developed the factual basis of his claims by exhausting them in state court, it is not clear what he intends to assert with regard to equitable tolling or what ninety day provision he references in relation to that claim. Petitioner's conclusory assertions that he is not responsible for any delay in filing is insufficient to warrant equitable tolling for his petition. As a result, petitioner has failed to demonstrate that he is entitled to equitable tolling or that the statute otherwise should not apply. To the extent that petitioner's Motion is an attempt to seek equitable tolling, his Motion must be denied, and the instant petition must be dismissed as time-barred.

Accordingly, it is hereby

ORDERED that petitioner's Motion to Lift Stay and For Leave to Show Cause (Docket # 7) be and is DENIED; and it is further

ORDERED that the instant petition for a writ of habeas corpus (Docket # 1) be and is DISMISSED WITH PREJUDICE as time-barred; and it is further

ORDERED that petitioner's request to proceed in forma pauperis (Docket # 2) be and is

DENIED AS MOOT.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to close this civil case.

Entered this 3rd day of Sept. 2009.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge